**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FEB 27 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50423 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00484-CAS-4 |
| v. | |
| FREDDIE MONTES, a.k.a. Fredrico Montes, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted February 19, 2019**

Before:    FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Freddie Montes appeals from the district court's judgment and challenges

the 200-month sentence imposed following his guilty-plea conviction for multiple

drug offenses involving marijuana and methamphetamine, in violation of 21

U.S.C. §§ 841(a)(1), (b)(1)(A), 846 and 18 U.S.C. § 2.  We have jurisdiction under

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291, and we affirm.

Montes contends that the district court erred by applying a four-level aggravating role enhancement under U.S.S.G. § 3B1.1. We review for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). Contrary to Montes's contention, the district court was not required to discuss expressly each aggravating-role factor. *See United States v. Whitney*, 673 F.3d 965, 975 (9th Cir. 2012) ("It is not necessary that the district court make specific findings of fact to justify the imposition of the role enhancement."). The record demonstrates that the court was "well aware" of these factors at the time of sentencing. *United States v. Diaz*, 884 F.3d 911, 916 (9th Cir. 2018). The record also demonstrates that Montes exercised control over drug couriers who distributed large quantities of methamphetamine and marijuana to co-conspirators, and was responsible for coordinating high-level meetings between the La Familia drug cartel and the Mexican Mafia prison gang concerning drug-trafficking activities. On this record, the district court did not abuse its discretion by imposing the enhancement. *See* U.S.S.G. § 3B1.1 cmt. n.4; *Whitney*, 673 F.3d at 975.

Montes next contends that the district court erred in imposing a 200-month sentence because the record suggests that it intended to impose a 180-month sentence. The record belies Montes's contention. The district court repeatedly stated on the record that it was imposing a sentence of 200 months. While the

court initially considered the possibility of imposing a 180-month sentence, it later explained that Montes's extensive role in the drug conspiracy warranted a 200-month sentence.

Finally, Montes contends that the sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The below-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the large quantity of drugs Montes distributed and his extensive role in the drug conspiracy. *See Gall*, 552 U.S. at 51. Montes has not demonstrated any unwarranted sentencing disparities with the sentences of his co-conspirators.

**AFFIRMED.**